UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELMON H. DAVIS, III.,<br><br>        Plaintiff,<br><br>    v.<br><br>GIBSON, et.al.,<br><br>        Defendants. | Case No.: 1:18-cv-00610-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THIS ACTION PROCEED ON PLAINTIFF'S DUE PROCESS CLAIM ONLY AGAINST CERTAIN NAMED DEFENDANTS, AND ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 28] |

      Plaintiff Relmon H. Davis, III. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

      Currently before the Court is Plaintiff's third amended complaint, filed June 25, 2018.

## I.

## SCREENING REQUIREMENT

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

///

///

1

"frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

In September 2014, Lieutenant Dicks authorized an administrative segregation placement order and acted as the senior hearing officer at Plaintiff's Rules Violation Report (RVR) hearing. The RVR was not filed before the hearing and was not complete with the authorizing signature. At the RVR hearing, Plaintiff's request to postpone the hearing pending the district attorney adjudication was ignored by Defendants Vanderpool, Sanchez, and Olivera. In addition, Defendants Matta and Cambell did not summon Plaintiff to the committee hearing.

Third yard staff and second watch morning chow dining staff, C. Rodriguez, C. Gutierrez, I. Martinez, J. Huewe, J. Vargas, K. Halsey, M. Muniz, M. Ortega, L. Munoz, J. Zapata, J. Velasco-

Alverez, J. Gamez, L. Ford, M. Cute, and D. Grimsley used excessive force during a ten-minute assault on Plaintiff. Plaintiff was cut intentionally with a sawing motion with handcuffs in the left shoulder blade and right elbow. Plaintiff's left knee was broken with a wand while Plaintiff was being held down prone on the floor. Plaintiff suffered a broken nose, facial scarring, nerve damage, and internal bleeding.

The assault took place after Plaintiff was improperly released to the 3B yard causing the altercation to occur. The classification of July 22, 2015, was without notice to Plaintiff and did not afford him the opportunity to voice his safety concerns. Plaintiff was released to the yard prior to the completion of a pending court case against two of the named correctional staff.

Plaintiff was denied medical care after the assault and was placed in the security housing unit in the same bloody clothes with no medical check-up for eleven days.

### III.

### DISCUSSION

**A.     Classification and Placement in Segregated Housing-Due Process**

Liberty interests may arise from the Due Process Clause itself or from an expectation or interest created by prison regulations. Wilkinson, 545 U.S. at 221. The Due Process Clause does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, and the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue. Id. at 221-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84 (1995)) (quotation marks omitted). Such liberty interests are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Id. at 221(citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

With regard to administrative segregation, due process requires that prison officials hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the reasons for such placement, and allow the prisoner to present his views. Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986), abrogated in part on other grounds, Sandin v. Conner, 515 U.S. 472. In addition, the decision to segregate an inmate for administrative reasons must be

3

supported by "some evidence, id. at 1100, and periodic review is necessary to maintain the confinement, id. at 1101, quoting Hewitt v. Helms, 459 U.S. 260, 477 n.9 (1993).

With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Wolff, 418 U.S. at 563-71. In addition "[s]ome evidence" must support the decision of the hearing officer. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached . . . ." Id. at 455-56 (emphasis added).

Here, Plaintiff contends that in July 2015, he was placed in the administrative housing unit at Corcoran State Prison without any notice or opportunity to present his views. Based on Plaintiff's allegations, viewed liberally, Plaintiff states a cognizable due process claim against Defendants K. Dicks, P. Sanchez, J. Vanderpool, M. Olivera, K. Matta, and T. Cambell.

**B.     Inmate Appeals Process**

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

**C.     Excessive Force**

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a

good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Plaintiff alleges that C. Rodriguez, C. Gutierrez, I. Martinez, J. Huewe, J. Vargas, K. Halsey, M. Muniz, M. Ortega, L. Munoz, J. Zapata, J. Velasco-Alverez, J. Gamez, L. Ford, M. Cute, and D. Grimsley used excessive force on him; however, Plaintiff fails to link these individuals to an affirmative act or omission giving rise to his claim of excessive force. As with Plaintiff's second amended complaint, Plaintiff's third amended complaint fails to set forth all of the factual circumstances surrounding the alleged use of excessive force. Plaintiff's allegations fail to demonstrate that Defendants used force maliciously and sadistically to cause Plaintiff harm, rather than in a good-faith effort to maintain or restore discipline. Indeed, Plaintiff does not provide what if any reasons were given by Defendants for their actions, whether Defendants engaged in other conduct to defuse the use of force, how much force was used, or why Plaintiff believes the amount of force was excessive. The facts as alleged fail to give rise to a plausible inference that the actions of Defendants were malicious and sadistic for the purpose of causing harm to Plaintiff. Plaintiff was previously informed of the deficiencies in this cause of action, but has been unable to cure them. Accordingly, Plaintiff fails to state a cognizable excessive force claim and this claim should be dismissed, without further leave to amend. See Iqbal, 556 U.S. at 678-79.

**D.     Medical Treatment**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in

part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

As with Plaintiff's second amended complaint, Plaintiff's third amended complaint fails to provide sufficient factual details surrounding the alleged denial of medical treatment following the use of force incident. Plaintiff fails to indicate who specifically denied his medical treatment, whether he voiced his need for medical treatment, whether he was ultimately provided treatment, or whether there was a delay in treatment that resulted in injury. Indeed, neither an inadvertent failure to provide medical care, nor mere negligence or medical malpractice, nor a mere delay in medical care (without more) is sufficient to constitute deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); Toguchi v. Chung, 391 F.3d 1051, 1058-60 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d at 332; Shapley v. Nevada Bd. of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir. 1984). Plaintiff was previously informed of the deficiencies in this cause of action, but has been unable to

cure them. Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference to a serious medical need.

### D. Supervisory Liability

Plaintiff names Warden Davey as a Defendant in this action.

Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, at 1948-49. A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff's complaint is devoid of any allegations supporting the existence of a supervisory liability claim against Warden Davey. The only basis for such a claim would be respondeat superior, which is precluded under section 1983.

## IV.
## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's due process claim against Defendants K. Dicks, P. Sanchez, J. Vanderpool, M. Olivera, K. Matta, and T. Cambell; and

2. All other claims and Defendants be dismissed from the action for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

7

specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 10, 2018**

UNITED STATES MAGISTRATE JUDGE