# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELMON H. DAVIS, III., | Case No.: 1:18-cv-00610-LJO-SAB (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, ALLOWING ACTION TO PROCEED ON PLAINTIFF'S DUE PROCESS CLAIM AGAINST NAMED DEFENDANTS, DISMISSING ALL OTHER CLAIMS AND DEFENDANTS, AND REFERRING MATTER BACK TO MAGISTRATE JUDGE FOR INITIATION OF SERVICE OF PROCESS |
| v. | |
| GIBSON, et.al., | |
| Defendants. | |
| | [ECF Nos. 28, 29, 30] |

Plaintiff Relmon H. Davis, III. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On July 10, 2018, the Magistrate Judge screened Plaintiff's third amended complaint and issued Findings and Recommendations recommending that this action proceed on Plaintiff's due process claim against Defendants K. Dicks, P. Sanchez, J. Vanderpool, M. Olivera, K. Matta, and T. Cambell. The Findings and Recommendations was served on the parties and contained notice that objections were to be filed within twenty-one days. Plaintiff filed objections on July 26, 2018.

///

///

1

| | |
|---|---|
| 1 | In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. |
| 4 | For the first time in his objections and after filing three complaints in this action, Plaintiff contends that he wishes to proceed on a conspiracy claim. (ECF No. 30 at pp. 4-8.) However, Plaintiff did not plead or even mention a conspiracy claim in his third amended complaint or any prior complaints. (ECF Nos. 1, 25, 28.) Nonetheless, Plaintiff does not state a cognizable conspiracy claim. To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). Plaintiff's allegations amount to nothing more than a mere conclusion that Defendant K. Dicks conspired to violate his due process rights. Plaintiff merely repeats the allegations relating to his due process claim against Defendant K. Dicks and concludes that she conspired to violate his rights. (ECF No. 30 at pp. 6-8.) Plaintiff's allegations amount to conclusory allegations unsupported by specific facts that "Defendants" conspired with one another to violate his due process rights in relation to issuance of a rules violation report and hearing. See Buckey v. Cnty. of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992) (requiring conspiracy complaint to "allege specific facts to support the existence of a conspiracy among defendants"). Although conspiracies are, by their very nature, secret agreements, Plaintiff's allegations do not support "a showing that the alleged conspirators have committed acts that 'are unlikely to have been undertaken without an agreement." See Mendocino Envtl. Ctr. V. Mendocino Cnty., 192 F.3d 1283, 1301 (9th Cir. 1999). Accordingly, Plaintiff cannot proceed on a conspiracy claim. |

Based on the foregoing, it is HEREBY ORDERED that:

1. The Findings and Recommendations filed on July 10, 2018, are adopted in full;

2. The instant action shall proceed on Plaintiff's due process claim against Defendants K. Dicks, P. Sanchez, J. Vanderpool, M. Olivera, K. Matta, and T. Cambell;

3. All other claims and Defendants are dismissed from the action for failure to state a cognizable claim for relief; and

2

4. The matter is referred back to the Magistrate Judge for initiation of service of process.

IT IS SO ORDERED.

Dated: **August 1, 2018**         **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE