1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALIFORNIA**

10

11   RELMON H. DAVIS, III.,                    )   Case No.: 1:18-cv-00610-LJO-SAB (PC)
                                               )
12            Plaintiff,                       )
                                               )
13       v.                                    )   ORDER DENYING, WITHOUT PREJUDICE,
                                               )   PLAINTIFF'S MOTION FOR APPOINTMENT OF
14   GIBSON, et.al.,                           )   COUNSEL
                                               )
15            Defendants.                      )   [ECF No. 45]
                                               )
16                                             )
                                               )
17   _____      )

18          Plaintiff Relmon H. Davis, III. is appearing pro se and in forma pauperis in this civil rights

19   action pursuant to 42 U.S.C. § 1983.

20          Currently before the Court is Plaintiff's motion for appointment of counsel, filed December 5,

21   2018.

22          Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

23   Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent

24   plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern

25   District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court

26   may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at

27   1525.

28

1

1    Without a reasonable method of securing and compensating counsel, the Court will seek

2 volunteer counsel only in the most serious and exceptional cases.  In determining whether

3 "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

4 merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the

5 legal issues involved." Id. (internal quotation marks and citations omitted).

6    In the present case, the Court does not find the required exceptional circumstances.  Even if it

7 assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if

8 proved, would entitle him to relief, his case is not exceptional.  The legal issues present in this action

9 are not complex, and Plaintiff has thoroughly set forth his allegations in the complaint.  In addition, at

10 this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to

11 succeed on the merits, and based on a review of the record in this case, the Court does not find that

12 Plaintiff cannot adequately articulate his claims. Id. Circumstances common to most prisoners, such as

13 lack of legal education and limited law library access, do not establish exceptional circumstances that

14 would warrant a request for voluntary assistance of counsel.  In the present case, the Court does not find

15 the required exceptional circumstances.

16    For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY

17 DENIED, without prejudice.

18

19 IT IS SO ORDERED.

20 Dated:    **December 6, 2018**

21                                        UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28