| | |
|---|---|
| | **UNITED STATES DISTRICT COURT** |
| | **EASTERN DISTRICT OF CALIFORNIA** |

| | |
|---|---|
| RELMON H. DAVIS, III., | Case No.: 1:18-cv-00610-LJO-SAB (PC) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S JANUARY 24, 2019, ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| GIBSON, et.al., | |
| Defendants. | |
| | [ECF Nos. 57, 58] |

Plaintiff Relmon H. Davis, III. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding on Plaintiff's due process claim against Defendants K. Dicks, P. Sanchez, J. Vanderpool, M. Oliveira, K. Matta, and T. Campbell.

On December 26, 2018, Plaintiff filed a motion for summary judgment. (ECF No. 50.) On December 28, 2018, the Magistrate Judge issued Findings and Recommendations recommending that Plaintiff's motion for summary judgment be denied. (ECF No. 51.) The Findings and Recommendations was served on the parties and contained notice that objections were due within fourteen days. (Id.) Plaintiff did not file objections within the fourteen-day deadlines, and on January 24, 2019, the Findings and Recommendations were adopted in full. (ECF No. 57.)

1

On February 4, 2019, Plaintiff filed untimely objections to the Findings and Recommendations. (ECF No. 58.) Plaintiff asks the Court to consider his late objections due to his transfer, and lack of access to the law library and his legal property. The Court will construe Plaintiff's objections as a motion for reconsideration.

Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence. . .; (3) fraud . . . by an opposing party, . . .; (4) the judgment is void; (5) the judgment has been satisfied…; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. Id. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation" of that which was already considered by the Court in rendering its decision. United States. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiff's objections do not alter the Court evaluation of the record or the December 28, 2018 Findings and Recommendations. Plaintiff cannot attempt to cure the defects in his motion for summary judgment by way of filing objections to the Findings and Recommendations. In any event, Plaintiff merely argues the merits of his claims and submits numerous documents without a sufficient showing that there are no genuine issues of material facts in dispute. Fed. R. Civ. P. 56(1); Local Rule 260(a). Accordingly, Plaintiff's motion for reconsideration must be denied as there is no basis to alter the Court's January 24, 2019, order denying his motion for summary judgment.

IT IS SO ORDERED.

Dated: **February 7, 2019**        /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE