**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RELMON H. DAVIS, III., <br><br> Plaintiff, <br><br> v. <br><br> GIBSON, et.al., <br><br> Defendants. | Case No.: 1:18-cv-00610-LJO-SAB (PC) <br><br> FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT <br><br> [ECF No. 59] |

Plaintiff Relmon H. Davis, III. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' exhaustion-related motion for summary judgment, filed February 7, 2019.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding on Plaintiff's due process claim against Defendants K. Dicks, P. Sanchez, J. Vanderpool, M. Oliveira, K. Matta, and T. Campbell.

///

///

///

1

On November 19, 2018, Defendants K. Dicks, P. Sanchez, J. Vanderpool, K. Matta, and T. Campbell, filed an answer to the complaint.[1]

On December 18, 2018, Defendant M. Oliveira, filed an answer to the complaint.[2]

After an unsuccessful settlement conference, the Court issued the discovery and scheduling order on January 24, 2019.

As previously stated, on February 7, 2019, Defendants K. Dicks, P. Sanchez, J. Vanderpool, K. Matta, and T. Campbell, filed an exhaustion-related motion for summary judgment. Plaintiff filed an opposition on March 6, 2019, and Defendants filed a reply on March 12, 2019.

Defendant M. Oliveira has not moved for summary judgment on the issue of exhaustion of the administrative remedies.

## II.

## LEGAL STANDARD

### A. Statutory Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); see Ross v. Blake, __ U.S. __ 136 S.Ct. 1850 (June 6, 2016) ("An inmate need exhaust only such administrative remedies that are 'available.'"). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

///
///
///
///

---

[1] These Defendants are represented by Deputy Attorney General Justin W. Walker.

[2] This Defendant is represented by Janine K. Jeffrey, Esq.

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

**B.     Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden,

the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

**III.**

**DISCUSSION**

**A.  Description of CDCR's Administrative Remedy Process**

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs. tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). CDCR's administrative grievance process for non-medical appeals consists of three levels of review: (1) first level formal written appeals; (2) second level appeal to the Warden or designees; and (3) third level appeal to the Office of Appeals (OOA). Inmates are required to submit appeals on a standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event. Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b). The inmate must complete all three formal levels of review. The California Code of Regulations also requires the following:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question. [¶] The inmate or parolee shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal form, and if needed, the Inmate/Parolee Appeal Form Attachment.

4

Cal. Code Regs. tit. 15, § 3084.2(a) (3-4).

**B.      Summary of Allegations Underlying Plaintiff's Constitutional Claims**

On or about September 9, 2014, Lieutenant Dicks authorized an administrative segregation placement order for disciplinary reasons. Dicks violated Plaintiff's due process rights by later acting as the senior hearing officer at his Rules Violation Report (RVR) hearing and for refusing to postpone the RVR hearing until after the District Attorney's Office finished its investigation. Plaintiff further alleges that Defendants Vanderpool, Sanchez, and Olivera, also denied his requests to postpone the RVR hearing, and initiated a Secured Housing Unit (SHU) term that was not authorized.

In addition, Defendants Matta and Campbell did not provide him with notice, or an opportunity to be heard, at a Classification Committee hearing on July 22, 2015. Consequently, Plaintiff was prevented from presenting his views and was inappropriately housed on a yard where he had pre-existing enemy and/or safety concerns.

**C.      Statement of Undisputed Facts**

1.      Between, September 1, 2014, and January 15, 2016 (the relevant period), Plaintiff Relmon Davis (F-24440), was a prisoner within the custody of the California Department of Corrections and Rehabilitation (CDCR). (Pl.'s Third Am. Compl., ECF No. 28.)

2.      During the relevant period, Plaintiff was incarcerated at Corcoran State Prison (CSP-Corcoran) in Corcoran, California. (Id.)

3.      During the relevant period, Defendant Dicks was employed at CDCR at CSP-Corcoran. (Defs. Answer at 2:12-14, ECF No. 41; Pl.'s Third Am. Compl. at 3, ECF No. 28.)

4.      During the relevant period, Defendant Campbell was employed by CDCR at CSP-Corcoran (Defs. Answer at 1:15-20, ECF No. 41; Pl.'s Third Am. Compl. at 3, ECF No. 28.)

5.      During the relevant period, Defendant Matta was employed by CDCR at CSP-Corcoran. (Defs. Answer at 2:21-25, ECF No. 41; Pl.'s Third Am. Compl. at 3, ECF No. 28.)

6.      During the relevant period, Defendant Sanchez was employed by CDCR at CSP-Corcoran. (Defs. Answer at 3:4-8, ECF No. 41; Pl.'s Third Am. Compl. at 3, ECF No. 28.)

7.      During the relevant period, Defendant Vanderpoel was employed by CDCR at CSP-Corcoran. (Defs. Answer at 3:9-13, ECF No. 41; Pl.'s Third. Am. Compl. at 4, ECF No. 28.)

8. During the relevant period, Plaintiff received Third Level decisions on non-health care appeals that he submitted for administrative review. (Voong Decl. ¶¶ 7-9, Exs. 2-3.)

9. In those two appeals, Plaintiff did not raise the due process allegations in his complaint and/or any allegations against Defendants Vanderpoel, Matte, Dicks, Sanchez, and Campbell. (Voong Decl. ¶ 9, Exs. 1-3.)

10. Plaintiff also submitted three additional non-health care appeals that were screened-out, rejected, and/or cancelled at the Third-Level during the relevant period. (Voong Decl. ¶ 10, Exs. 1, 4-6.)

11. During the relevant period, Plaintiff submitted a total of seven non-health care appeals that were accepted and adjudicated at the first and/or second level of review by the Office of Appeal at CSP-Corcoran. (Ceballos Decl. ¶ 8, Exs. 1-8.)

12. Of those seven appeals, one, log number COR 15-03219, included Plaintiff's allegations that he was denied due process and/or improperly housed and/or classified at CSP-Corcoran. (Ceballos Decl. ¶ 9, Ex. 8.)

13. Appeal, log number COR-15-03219, was denied at the first institutional level of review at CSP-Corcoran. (Ceballos Decl. ¶ 9, Ex. 8.)

14. Plaintiff did not seek further review of appeal, log number COR-15-03219. (Ceballos Decl. ¶ 9, Ex. 8.)

15. Plaintiff also submitted nine non-health care appeals that were screened-out and/or cancelled at the First Level at CSP-Corcoran during the relevant period. (Ceballos Decl. ¶ 10, Exs. 9-17.)

16. During the relevant period, Plaintiff did not exhaust any non-health care appeals alleging that any of his appeals were improperly cancelled by the CSP-Corcoran Office of Appeals, or by an individual Appeals Coordinator. (Voong Decl. ¶ 11, Ex. A.)

**D. Analysis of Defendants' Motion**

Defendants Dicks, Sanchez, Matta, Vanderpoel, and Campbell (hereinafter "Defendants") argue that they are entitled to summary judgment because it is undisputed that Plaintiff did not receive

a third level decision on any inmate appeals concerning the allegations in his complaint against them and it is undisputed that Plaintiff's administrative remedies were effectively available.

As an initial matter, the Court finds that there were available administrative remedies at CSP-Corcoran, as Plaintiff filed several administrative appeals within the relevant time-period. Albino, 747 F.3d at 1172. In fact, during the relevant time frame, Plaintiff exhausted two administrative appeals through the third level of review. (Voong Decl. ¶¶ 7-9, Exs. 2-3.) Therefore, the administrative remedies were available to Plaintiff.

When an appeal is properly and timely submitted at the first formal level of review, it is immediately assigned a log number, regardless of its disposition, for tracking purposes and to prevent inmates from asserting that staff lost the appeal. (Ceballos Decl. ¶ 4.) It is the practice of the CSP-Corcoran Appeals Office to log and track all received appeals in a computerized database called the Inmate/Parolee Appeals Tracking System Level I & Level II (IATS). (Ceballos Decl. ¶ 5.) The IATS also maintains information regarding screened out appeals including the reason for the screen out. (Id.) If an inmate submits an appeal that is duplicative, untimely, lacks critical information, or otherwise does not comply with regulations governing the appeal process, the appeal may be screened out and rejected or cancelled. Cal. Code Regs. tit. 15, §§ 3084.2(a)(1); 3084.5; 3084.6; (Ceballos Decl. ¶ 6.) A rejected appeal is returned to the inmate with the reason(s) for the rejection, and a notification that the inmate may correct and resubmit the appeal within the statutory deadlines. Cal. Code Regs. tit. 15, §§ 3084.5; 3084.6; (Ceballos Decl. ¶ 6.) A cancelled appeal is returned to the inmate with the reason(s) for the cancellation. Cal. Code Regs. tit. 15, §§ 3084.5; 3084.6; (Ceballos Decl. ¶ 6.)

Since August 1, 2018, the Inmate Correspondence and Appeals Branch (ICAB) receives, reviews and maintains all final levels related to health care, dental, or mental-health issues, while the Chief of the Office of Appeals (OOA), receives, reviews and maintains all non-health care issues. (Voong Decl. ¶ 2.) OOA keeps an electronic record of each inmate grievance that has proceeded through the final third level of review. When a grievance is received by OOA, it is assigned a third level tracking number—whether it is screened out or accepted—and entered into the computer tracking system. The computer system for tracking accepted grievances commenced in 1993. The

7

electronic record contains the grievance log number, the category (nature/subject) of the grievance, institutional log numbers, inmate's name and CDCR number, the institution where the grievance arose, the date the grievance is received and closed, and final disposition of the grievance. (Voong Decl. ¶ 3.) The OOA, also known as the "Third Level" appeal, concludes the inmate's administrative remedy process for non-healthcare appeals. All inmate appeals are reviewed for acceptance by the OOA for the Third Level review and, if accepted, are processed through this office. (Voong Decl. ¶ 4.) When OOA receives an inmate appeal for a Third Level decision that does not comport with procedural requirements, OOA will screen-out and return the appeal to the submitting inmate without rendering a decision on it; the appeal is returned with a letter instructing the inmate on how to cure the deficiency, if a cure is possible. (Voong Decl. ¶ 6.)

During the relevant period, Plaintiff received Third Level decisions on non-health care appeals that he submitted for administrative review. (Voong Decl. ¶¶ 7-9, Exs. 2-3.) Plaintiff also submitted three additional non-health care appeals that were screened-out, rejected, and/or cancelled at the Third-Level during the relevant period. (Voong Decl. ¶ 10, Exs. 1, 4-6.) Plaintiff submitted a total of seven non-health care appeals that were accepted and adjudicated at the first and/or second level of review by the Office of Appeal at CSP-Corcoran. (Ceballos Decl. ¶ 8, Exs. 1-8.) Plaintiff also submitted nine non-health care appeals that were screened-out and/or cancelled at the First Level at CSP-Corcoran during the relevant period. (Ceballos Decl. ¶ 10, Exs. 9-17.)

Defendants argue that none of these appeals exhausted Plaintiff's claims in the instant action, and he did not appeal the claims at issue to the highest level of review.

   1. <u>Appeals Accepted at the Third Level of Review</u>

During the relevant time-period, Plaintiff received third level decisions on two non-health care appeals—COR-15-02715 and COR-15-00953. (Voong Decl. ¶¶ 7-9, Exs. 1-3.)

In Appeal No. **COR-15-02715**, Plaintiff challenged a Rules Violation Report, dated March 26, 2015, for willfully delaying a peace officer/refusing to accept assigned housing. Plaintiff argued that the senior hearing office inappropriately found him guilty of the charge because he was not required to share a cell with another inmate. (Voong Decl., Ex. 2.)

In Appeal No. **COR-15-00953**, Plaintiff argued that Corcoran State Prison inappropriately denied his personal property within the security housing unit. Plaintiff requested reimbursement for the food packets, lotion, baby powder, chili peppers, mayonnaise, tooth brush, mouth wash, hair grease, conditions, legal documents and artwork. (Voong Decl., Ex. 3.)

As illustrated, neither of these appeals deal with Plaintiff's allegations in the instant complaint which challenge the Rules Violation Report by Dick he received on or around September 9, 2014 for possession of an inmate manufactured weapon or that Vanderpool, Sanchez, and Olivera, also denied his requests to postpone the RVR hearing, and initiated a Secured Housing Unit (SHU) term that was not authorized. These appeals also did not deal with Plaintiff's allegations Defendants Matta and Campbell did not provide him with notice, or an opportunity to be heard, at a Classification Committee hearing on July 22, 2015.

2. Appeals Rejected at the Third Level of Review

During the relevant time-period, Plaintiff submitted three additional non-health care appeals that were screened-out, rejected, and/or cancelled at the third-level—COR-14-6057, COR-14-6564 and COR-15-00953. (Voong Decl. ¶ 10, Exs. 1, 4-6.)

In Appeal No. **COR-14-6057**, Plaintiff challenged a rules violation report for fighting claiming it should have been classified as an assault and battery and not mutual combat. The appeal was rejected at the third level on March 13, 2015, because it was determined that he was attempting to submit an appeal that had been previously cancelled which was considered misuse or abuse of the appeal process pursuant to California Code of Regulations section 3084.4. (Voong Decl., Ex. 4.)

In Appeal No. **COR-14-6564**, Plaintiff claimed that on September 3, 2014, the cell extraction took place without a sergeant present and that there was insufficient evidence to support the rules violation report for possession of a weapon. The appeal was initially rejected on March 13, 2015, because Plaintiff failed to attach supporting documentation. (Pl. Opp'n, Ex. 4.) The appeal was then subsequently rejected as untimely on July 1, 2015. It was specifically noted "[t]he Office of Appeals rejected and returned the appeal to the inmate on March 20, 2015. The envelope addressed to The Office of Appeals was signed by staff on May 15, 2015 and was postmarked on May 18, 2015. The envelope was received in our office on May 26, 2015. This exceeds time constraints to submit for

9

third level review." Even if this appeal addressed the allegations against Lieutenant Dicks, it was properly rejected as untimely, and does not serve to exhaust the administrative remedies. In addition, there is no evidence that Plaintiff appealed the cancellation. (Voong Decl. ¶ 11, Ex. A.)

The Court need not address Appeal No. **COR-15-00953** because although it was initially rejected at the third level review, it was resubmitted and subsequently addressed on the merits on September 17, 2015. Furthermore, it is clear this appeal does not address the claims at issue in this action.

### 3. Appeals Accepted and Adjudicated at First and Second Levels of Review

During the relevant period, Plaintiff submitted a total of seven non-health care appeals that were accepted and adjudicated at the first and/or second level of review by the Office of Appeal at CSP-Corcoran—COR-14-06057, COR-14-06564, COR-14-07167, COR-15-00953, COR-15-01547, COR-15-02715, and COR-15-03219. (Ceballos Decl. ¶ 8, Exs. 1-8.) As stated above, Appeal No. **COR-15-02715** was denied at the third level of review, and Appeal Nos. **COR-14-06057**, **COR-14-6564,** and **COR-15-00953**, were rejected at the third level of review and will not be addressed again.

In Appeal No. **COR-14-07167**, Plaintiff contended that he was not paid for the months of July or August 2014, while he was assigned to the Facility 3B yard crew. Plaintiff also contended that he did not receive pay for the months of October and November 2013. (Ceballos Decl., Ex. 4.) Plaintiff therefore requested to receive payment and be credited restitution for those months. (Id.) The appeal was denied granted in part at the first level of review on December 9, 2014, and denied at the second level of review on January 12, 2015. (Id.) The appeal was subsequently cancelled as untimely at the third level of review on April 16, 2015, pursuant to Cal. Code Reg. tit. 15, §§ 3084.8(b)(1)-(2), 3084.6(a)(5). (Id.)

In Appeal No. **COR-15-01547**, Plaintiff contended that he received a $300.00 deposit on February 20, 2015, but on March 10, 2015, not all of the funds were present before his canteen purchase as they should have been. The appeal was granted at the first level of review on April 9, 2015. (Ceballos Decl., Ex. 6.)

In Appeal No. **COR-15-03219**, Plaintiff raised the due process challenges alleged in the instant complaint. (Ceballo Decl., Ex. 8.) The appeal was initially screened at the first level of review on

10

June 10, 2015, and returned to Plaintiff noting that the appeal was received with two dates June 4, 2015 and May 26, 2015. (Id.) Plaintiff was instructed to correct the date to reflect the original submission. (Id.) Plaintiff resubmitted the appeal with the notation that the original submission date was May 26, 2015. (Id.) The appeal was then denied at the first level of review on July 6, 2015, finding there was no merit to Plaintiff's contentions. (Id.)

As illustrated above, of these seven appeals, Appeal No. **COR 15-03219**, is the only appeal that included Plaintiff's allegations that he was denied due process and/or improperly housed and/or classified at CSP-Corcoran. (Ceballos Decl. ¶ 9, Ex. 8.) However, this appeal was properly denied at the first institutional level of review at CSP-Corcoran. (Ceballos Decl. ¶ 9, Ex. 8.) The appeal was screened out a second time on July 23, 2015, and Plaintiff was specifically instructed to "clearly state why you are dissatisfied with your First Level review and resubmit your appeal within 30 days." (P. Opp'n, Ex. 12.) Plaintiff did not seek further review of appeal, log number COR-15-03219, and therefore this appeal does not serve to exhaust the administrative remedies. (Ceballos Decl. ¶ 9, Ex. 8.)

        4.      <u>Appeals Screened Out at the First Level of Review</u>

According to the Inmate Appeals Tracking System, Plaintiff filed the following nine appeals during the relevant time frame which were screened out at the first level of review: (1) CSPC-3-14-00960 (issue classified as legal); (2) CSPC-5-15-00067 (issue classified as living conditions); (3) CSPC-5-15-00192 (issue classified as living conditions); (4) CSPC-5-15-00602 (issue classified as case info/records; (5) CSPC-5-15-01420 (issue classified as funds); (6) CSPC-5-15-01987 (issue classified as custody/classification); (7) CSPC-5-15-02083 (issue classified as legal); (8) CSPC-5-15-02437 (issue classified as living conditions); (9) CSPC-5-15-02939 (issue classified as custody/classification). (Ceballos Decl., Ex. 1.)

Appeal No. **CSPC-3-14-00960**, was rejected at the first level of review on February 11, 2014, with instructions for Plaintiff to submit a form 22 to his assigned counselor requesting a copy of his Appeal Log No. 13-6883 which was returned to him on February 5, 2014. (Ceballos Decl., Ex. 9.)

Appeal No. **CSPC-5-15-00067**, was rejected at the first level of review on January 6, 2015, with instructions for Plaintiff "to submit a Form 22 to his assigned CCI and ensure it is completed

11

through section D prior to resubmission of this appeal. Upon completion, you may resubmit this appeal within 30 days of the last signature on the Form 22." (Ceballos Decl., Ex. 10.)

Appeal No. **CSPC-5-15-00192**, was rejected at the first level of review on January 12, 2015, because Plaintiff had exceeded the allowable number of appeals filed in a 14-calendar day period pursuant to CCR 3084.1(f). Plaintiff was instructed that he could resubmit the appeal within the appropriate time constraints. (Ceballos Decl., Ex. 11.)

Appeal No. **CSPC-5-15-00602**, was rejected at the first level of review on February 2, 2015, pursuant to Cal. Code Regs., tit. 15, § 3084.6(b)(9), because it was obscured by pointless verbiage or voluminous unrelated documentation such that the reviewer could not reasonably be expected to identify the issue under appeal. Plaintiff was specifically instructed to "remove the one page lined legal filing page you are using to address your issue as you are only allowed one 602 and 602A to address the issue. Likewise, you are instructed to submit a Form 22 to your assigned CCI requesting a copy of the appeal 13-06883 along with a signed Trust Withdrawal. You may resubmit this appeal within 30 days of the last signature on the Form 22. Prior to resubmission, you are instructed to attach a copy of your certified Trust Statement." (Ceballos Decl., Ex. 12.)

Appeal No. **CSPC-5-15-01420**, was rejected at the first level of review on March 13, 2015, pursuant to Cal. Code Regs. tit. 15, § 3084.6(b)(8), because it involved multiple issues that did not derive from a single event, or were not directly related and cannot be reasonably addressed in a single response due to this fact. Plaintiff was advised that he could resubmit the unrelated issues separately using separate appeals. Plaintiff was further advised that he was still subject to the submission of one non-emergency appeal every 14 calendar days. (Ceballos Decl., Ex. 13.) The rejection notice also specifically stated that Plaintiff's "issue regarding [his] restitution being incorrect is an unrelated issue to [his] legal mail charges. You must line through your issue regarding your legal mail and submit it on a new CDCR 602 at the lowest level possible for review. You have 30 days to correct and resubmit." (Id.)

Appeal No. **CSPC-5-15-01987**, was cancelled at the first level of review on April 13, 2015, pursuant to Cal. Code Regs. tit. 15, § 3084.6(c)(4), because it exceeded the time limits even though

Plaintiff had the opportunity to submit it within the prescribed time constraints. (Ceballos Decl., Ex. 14.)

Appeal No. **CSPC-5-15-02083**, was initially rejected at the first level of review on April 17, 2015, pursuant to Cal. Code Regs. tit. 15, § 3084.6(b)(8), because it involved multiple issues that do no derive from a single event, or are not directly related and could not be reasonably addressed in a single response due to that fact. Plaintiff was advised that he could "resubmit the unrelated issues separately using separate appeals[,]" and he was "still submit to the submission of one non-emergency appeal every 14 calendar days." Plaintiff was also specifically advised to "choose which issue to appeal and provide specifics relative [to] who, what and when." (Ceballos Decl., Ex. 15.)

The appeal was subsequently cancelled at the first level of review on April 27, 2015, pursuant to Cal. Code Regs. tit. 15, § 3084.6(c)(3), stating "[y]ou continue to submit a rejected appeal while disregarding appeal staff's previous instructions to correct the appeal." It was further stated that the appeal was "cancelled for failure to follow instructions as provided in 695 04/17/2015. You have returned the appeal without clarification or choosing which issue to appeal. It is noted the 695 is black and the appeal was not clarified." (Ceballos Decl., Ex. 15.)

Appeal No. **CSPC-5-15-02437**, was rejected at the first level of review on May 5, 2015, pursuant to Cal. Code Regs. tit. 15, § 3084.6(b)(2), because he failed to demonstrate a material adverse effect upon his welfare. Material adverse effect was defined as "harm or injury that is measurable or demonstrable, or the reasonable likelihood of such harm or injury. In either case, the harm or injury must be due to any policy, decision, action, condition, or omission by the department or its staff." (Ceballos Decl., Ex. 16.)

Appeal No. **CSPC-5-15-02939**, was rejected at the first level of review on June 1, 2015, pursuant to Cal. Code Regs. tit. 15, § 3084.6(b)(11), because the appeal documentation was defaced or contaminated with physical/organic objects or samples as described in Cal. Code Regs. tit. 15, § 3084.2(b)(4). Plaintiff was advised that he was "subject to disciplinary action and/or criminal charges when you submit an appeal with hazardous or toxic material that present a threat to the safety and security of staff, inmates, or the institution. Pursuant to CCR 3084.4 you are advised that this appeal is considered misuse or abuse of the appeals process. Repeated violations may lead to your being

placed on appeal restriction as described in CCR 3084.4(g)." Plaintiff was further instructed "to rewrite your appeal and only attach this CDCR 695 to your new appeal. You have 30 days to correct and resubmit." (Ceballos Decl., Ex. 17.)

In each of the rejection/cancellation notices, Plaintiff was advised as follows:

> Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(c), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

(Ceballos Decl., Exs. 9-17.)

The evidence submitted by Defendants is sufficient to meet their initial burden that Plaintiff failed to exhaust the administrative remedies, and the burden now shift to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino, 747 F.3d at 1166.

Plaintiff argues that the administrative remedies were rendered effectively unavailable because he was denied complete copies of necessary documents, officials ignored his requests for interviews, and he was not provided the necessary grievance forms. (Pl.'s Opp'n at 8; ECF No. 61.)[3] Plaintiff also contends that the due process issue was in the Auditor Action status as of February 8, 2016. (Pl.'s Opp'n at 9, Ex. 26.) Plaintiff further argues that the due process violation was conceded by K. Dicks who served as the Lieutenant. (Pl.'s Opp'n at 10-11, Ex. 26.)

As an initial matter, Plaintiff argues that the administrative grievance process at CSP-Corcoran was effectively unavailable and he should therefore be excused from having to exhaust the administrative remedies. Plaintiff specifically argues:

> First to be considered is the due process violation and the requirement to appeal. The named Defendants and additional staff were in full knowledge of the violation and denied the complaintant [sic] complete copies of necessary documents ignoring repeated requests for interview item or service causing evidentiary deficiencies and cancellations based on appeals time limits.

---

[3] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

14

(Pl's Opp'n at 8.)

In some circumstances, "improper screening of an inmate's administrative grievance renders administrative remedies 'effectively unavailable' such that exhaustion is not required." Sapp v. Kimbrell, 623 F.3d at 823. However, in order for this exception to apply, the inmate "must show that he attempted to exhaust his administrative remedies but was thwarted by improper screening." Id. It must be established "(1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." Id. at 823-24.

Plaintiff's conclusory allegations fail to excuse his failure to exhaust the available administrative remedies. Plaintiff had the opportunity to appeal the rejection and/or cancellation decisions but failed to do so. (Voong Decl. ¶ 11, Ex. A.); see, e.g., Cortinas v. Portillo, 754 Fed. Appx. 525, 528 (9th Cir. Oct. 31, 2018) (improper cancellation of an appeal does not necessarily render administrative remedies unavailable when an inmate can appeal an improper cancellation); see also Wilson v. Zubiate, 718 Fed. Appx. 479, 482 (9th Cir. 2017) (same). Furthermore, the fact that Plaintiff continued to disobey and not follow the instructions provided to him does not excuse his requirement to exhaust the administrative remedies.

Plaintiff's submission of irrelevant CDCR Form 22's fails to demonstrate exhaustion or that he should be excused from exhausting as they do not relate to any relevant appeal. Moreover, screen-out letters for unrelated inmate appeals do not demonstrate exhaustion or excuse his failure to exhaust. In addition, the merits of Plaintiff's claims have no relevance on whether he exhausted the administrative remedies.[4] There is no evidence and nothing in the record demonstrates that Plaintiff was prevented from or hindered in complying with the exhaustion requirement by any act or omission on the part of any prison officials. Rather, the record and evidence demonstrate that Plaintiff's failure to comply is attributable to his own actions and/or omissions. The totality of the documents submitted by both

---

[4] The Auditor's Action, dated February 8, 2016, is irrelevant and does not excuse the mandated and timely requirement to exhaust the administrative remedies. (Pl. Opp'n, Ex. 26.)

parties demonstrates that Plaintiff failed to exhaust the administrative remedies. Plaintiff's unsubstantiated and conclusory allegations that the administrative remedies were somehow "unavailable" to him is insufficient to excuse the mandated exhaustion requirement. Accordingly, Plaintiff has not met his burden of proof in demonstrating that he exhausted the available administrative remedies or that his failure to do so should be excused. Rather, the undisputed facts demonstrate that Plaintiff failed to exhaust the available administrative remedies, and Defendant's motion for summary judgment should be granted.

## IV.
## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment be granted; and
2. The claims against Defendants K. Dicks, P. Sanchez, J. Vanderpool, K. Matta, and T. Campbell be dismissed without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 24, 2019**

UNITED STATES MAGISTRATE JUDGE

16