# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELMON H. DAVIS, III., | Case No.: 1:18-cv-00610-LJO-SAB (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANT OLIVERA'S MOTION FOR SUMMARY JUDGMENT BE GRANTED |
| GIBSON, et.al., | |
| Defendants. | [ECF No. 67] |

Plaintiff Relmon H. Davis, III. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant Olivera's motion for summary judgment, filed April 26, 2019.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding on Plaintiff's due process claim against Defendants K. Dicks, P. Sanchez, J. Vanderpool, M. Oliveira, K. Matta, and T. Campbell.

///

///

///

1

On November 19, 2018, Defendants K. Dicks, P. Sanchez, J. Vanderpool, K. Matta, and T. Campbell, filed an answer to the complaint.[1]

On December 18, 2018, Defendant M. Oliveira, filed an answer to the complaint.[2]

After an unsuccessful settlement conference, the Court issued the discovery and scheduling order on January 24, 2019.

As previously stated, on February 7, 2019, Defendants K. Dicks, P. Sanchez, J. Vanderpool, K. Matta, and T. Campbell, filed an exhaustion-related motion for summary judgment. Plaintiff filed an opposition on March 6, 2019, and Defendants filed a reply on March 12, 2019.

On April 25, 2019, the undersigned issued Findings and Recommendations recommending that Defendants' motion for summary judgment be granted.

On April 26, 2019, Defendant Oliveira filed an exhaustion-related motion for summary judgment. Plaintiff filed an opposition on May 28, 2019, and Defendant filed a reply on May 31, 2019.

## II.

## LEGAL STANDARD

### A.   Statutory Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); see Ross v. Blake, __ U.S. __ 136 S.Ct. 1850 (June 6, 2016) ("An inmate need exhaust only such administrative remedies that are 'available.'"). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

///

---

[1] These Defendants are represented by Deputy Attorney General, Justin W. Walker.

[2] This Defendant is represented by Janine K. Jeffrey, Esq.

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

**B.     Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden,

the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

**III.**

**DISCUSSION**

**A.     Description of CDCR's Administrative Remedy Process**

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs. tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). CDCR's administrative grievance process for non-medical appeals consists of three levels of review: (1) first level formal written appeals; (2) second level appeal to the Warden or designees; and (3) third level appeal to the Office of Appeals (OOA). Inmates are required to submit appeals on a standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event. Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b). The inmate must complete all three formal levels of review. The California Code of Regulations also requires the following:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question. [¶] The inmate or parolee shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal form, and if needed, the Inmate/Parolee Appeal Form Attachment.

4

Cal. Code Regs. tit. 15, § 3084.2(a) (3-4).

### B. Summary of Allegations Underlying Plaintiff's Constitutional Claims

On or about September 9, 2014, Lieutenant Dicks authorized an administrative segregation placement order for disciplinary reasons. Dicks violated Plaintiff's due process rights by later acting as the senior hearing officer at his Rules Violation Report (RVR) hearing and for refusing to postpone the RVR hearing until after the District Attorney's Office finished its investigation. Plaintiff further alleges that Defendants Vanderpool, Sanchez, and Oliveira, also denied his requests to postpone the RVR hearing, and initiated a Secured Housing Unit (SHU) term that was not authorized.

### C. Statement of Undisputed Facts

1. At all relevant times, Plaintiff Relmon Davis III has been an inmate in the custody of the CDCR. (Third Am. Compl, ECF No. 28 at 1.)

2. Plaintiff filed his third amended complaint pursuant to 42 U.S.C. § 1983 alleging that Defendant M. Oliveira violated Plaintiff's Fourteenth Amendment rights. (Third Am. Compl., ECF No. 28 at 6.)

3. In his third amended complaint Plaintiff alleges that on November 20, 2014, Oliveira violated Plaintiff's due process rights by imposing an unauthorized SHU term and in so doing ignored the deficiencies of a prior disciplinary hearing and Plaintiff's postponement request. (Third Am. Compl., ECF No. 28 at 6-7.)

4. In California, inmates and parolees have the right to administratively appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety or welfare. (Goree Decl. ¶ 3; Cal. Code Regs. tit. 15 § 3084.1(a)).

5. CDCR provides for a three-step grievance process to exhaust administrative remedies within the prison grievance system. The process requires a: (1) formal written appeal on a CDCR's Inmate/Parolee Appeal Form (CDCR 602); (2) second level appeal to the institution head or designee; and (3) third level appeal to the director of CDCR. The third level appeal is the highest level of review, is final, and exhausts all administrative remedies available to the inmate. (Goree Decl., ¶ 3; Voong Decl., ¶ 4; Cal. Code Regs. tit. 15, §§ 3084.1, 3084.2, 3084.7.)

6. To submit a grievance, an inmate must complete a CDCR Form 602, Inmate/Parolee Appeal. (Goree Decl., ¶ 4.)

7. In the 602 form, Plaintiff is required to identify by name and title or position each staff member alleged to be involved in the issue being appealed, along with the dates each staff member was involved in the issue being appealed. The inmate must also state all facts known and available to him regarding the issue being appealed at the time submitting the Inmate/Parolee Appeal form. Plaintiff has thirty (30) calendar days to submit his appeal from the occurrence of the event or decision being appealed, or upon first knowledge of the action or decision being appealed. (Goree Decl., § 4; Cal. Code Regs. tit. 15, § 2084.8(b).)

8. Between September 1, 2014 and January 15, 2016, Plaintiff did not submit for third level review any appeal relating to his due process allegations against Oliveira as it relates to the November 20, 2014, Segregated Housing Unit term. (Voong Decl., ¶¶ 6-10, Ex. A.)

9. Between September 1, 2014 and January 15, 2016, at the institutional level, Plaintiff submitted one appeal, log number COR-15-03219, dated June 4, 2015, which included allegations that Plaintiff's due process rights were violated because he was improperly housed and/or classified at CSP-Corcoran. (Goree Decl., ¶ 10, Exs. A, B.)

10. The appeal, log number COR-15-03219, was denied at the first institutional level of review at CSP-Corcoran. Plaintiff did not seek further review of the appeal. (Goree Decl., ¶¶ 8, 11, 12, Exs. A, B.)

11. Between September 2014 and January 2016, Plaintiff submitted appeals to each of the three levels of review relating to other issues. (Goree Decl., ¶¶ 4, 8-12, Exs. A, B; Voong Decl., ¶¶ 6, 7, 9, 10, Ex. A.)

12. On December 18, 2018, Oliveira filed his answer to Plaintiff's third amended complaint. In the answer, Oliveira pled failure to exhaust as an affirmative defense.

///
///
///
///

### D. Analysis of Defendant's Motion

Defendant Oliveira argues that Plaintiff did not submit for third level review any appeal relating to his due process allegations against Oliveira as it relates to the November 20, 2014 ICC hearing.

As an initial matter, the Court finds that there were available administrative remedies at CSP-Corcoran, as Plaintiff filed several administrative appeals within the relevant time-period. Albino, 747 F.3d at 1172. In fact, during the relevant time frame, Plaintiff exhausted two administrative appeals through the third level of review. (Voong Decl. ¶¶ 7-9.) Therefore, the administrative remedies were available to Plaintiff.

Since August 1, 2008, the Inmate Correspondence and Appeals Branch receives, reviews and maintains all final level appeals related to health care, dental, or mental-health issues, while the Chief of the Office of Appeals ("OOA") receives, reviews and maintains all final level appeals related to non-health care issues. (Voong Decl. ¶¶ 1-2.) OOA keeps an electronic record of each inmate grievance that has proceeded through the final third level of review. When a grievance is received by OOA, it is assigned a third level tracking number—whether it is screened out or accepted—and entered into the computer tracking system. The computer system for tracking accepted grievances was commenced in 1993. The following information is kept in the electronic record: grievance log number, the category (nature/subject) of the grievance, institutional log numbers, inmate's name and CDCR number, the institution where the grievance arose, the date that the grievance was received and closed, and final disposition of the grievance. (Id. at ¶ 3.)

When an appeal is properly and timely submitted at the first formal level of review, it is immediately assigned a log number, regardless of its disposition, for tracking purposes and to prevent inmates from asserting that staff lost the appeal. (D. Goree Decl. at ¶ 5.) It is the practice of the CSP-Corcoran Appeals Office to log and track all received appeals in a computerized database called the Inmate/Parolee Appeals Tracking System Level I & II ("IATS"). The IATS also includes information regarding screened out appeals including the reason for the screen out. (Id. ¶ 6.) If an inmate submits an appeal that is duplicative, untimely, lacks critical information, or otherwise does not comply with regulations governing the appeal process, the appeal may be screened out and rejected or cancelled. A

7

rejected appeal is returned to the inmate with the reason(s) for the rejection, and a notification that the inmate may correct and resubmit the appeal within the statutory deadlines. A cancelled appeal is returned to the inmate with the reason(s) for the cancellation, and a notification that the inmate may separately appeal the cancellation decision within the statutory deadlines. (Id. at ¶ 7.)

OOA is charged with screening, reviewing, and adjudicating all non-health care inmate appeals at the third level of review. The third level is the final level of review in CDCR's administrative inmate appeal process, and a decision at this level is generally required to exhaust an inmate's administrative remedies. (Voong Decl. at ¶ 4.) All inmate appeals are reviewed for acceptance by the OOA for the third level review and, if accepted, are processed through this office. (Id.) Voong is familiar with the record keeping system at the OOA and can verify the status of a California inmate's third level, non-health care appeal. (Id.) Under prison regulations governing inmate appeals, when OOA receives and inmate appeal for the third level decision that does not comport with procedural requirements, OOA will screen-out and return the appeal to the submitting inmate without rendering a decision on it; the appeal is returned with a letter instructing the inmate on how to cure the deficiency, if a cure is possible. (Voong Decl. at ¶ 5.)

During the relevant period, Plaintiff received two third level decisions in non-health care appeals numbers COR-15-2715 and COR-15-00953. (Voong Decl. ¶ 7.) Plaintiff also submitted three additional non-health care appeals (Appeal Cor-14-06057, Appeal COR-14-06564 and Appeal COR 15-00953) that were screened-out, rejected, and/or cancelled at the third level during the relevant time period. (Voong Decl. ¶ 7, Ex. A.) Plaintiff submitted a total of seven non-health care appeals that were accepted and adjudicated at the first and/or second level of review. (D. Goree Decl. at ¶ 9.) Those appeals include the following: (1) Appeal COR-14-06057; (2) Appeal COR-14-06564; (3) Appeal COR-14-07167; (4) Appeal COR-15-00953; (5) Appeal COR-15-01547; (6) Appeal COR 15-02715; and (7) Appeal COR 15-03219. (Id.) Plaintiff also submitted nine non-health care appeals that were screened-out and/or cancelled at the first level of review during the relevant time period. (D. Goree Decl. ¶ 12.)

///

///

8

Defendant argues that none of these appeals exhausted his claim against M. Oliveira, and for the reasons explained below the Court agrees. The Court will address each appeal below.[3]

1. Appeals Accepted at the Third Level of Review

During the relevant time-period, Plaintiff received third level decisions on two non-health care appeals—COR-15-02715 and COR-15-00953. (ECF No. 59-5, Voong Decl. ¶¶ 7-9, Exs. 1-3.)

In Appeal No. **COR-15-02715**, Plaintiff challenged a Rules Violation Report, dated March 26, 2015, for willfully delaying a peace officer/refusing to accept assigned housing. Plaintiff argued that the senior hearing office inappropriately found him guilty of the charge because he was not required to share a cell with another inmate. (ECF No. 59-5, Voong Decl., Ex. 2.)

In Appeal No. **COR-15-00953**, Plaintiff argued that Corcoran State Prison inappropriately denied his personal property within the security housing unit. Plaintiff requested reimbursement for the food packets, lotion, baby powder, chili peppers, mayonnaise, tooth brush, mouth wash, hair grease, conditions, legal documents and artwork. (ECF No. 59-5, Voong Decl., Ex. 3.)

As illustrated, neither of these appeals deal with Plaintiff's allegation that Defendant Oliveira violated his due process rights by imposing an improper SHU term and ignored the deficiencies of the disciplinary hearing and Plaintiff's postponement request.

2. Appeals Rejected at the Third Level of Review

During the relevant time-period, Plaintiff submitted three additional non-health care appeals that were screened-out, rejected, and/or cancelled at the third-level—COR-14-6057, COR-14-6564 and COR-15-00953. (ECF No. 59-5, Voong Decl. ¶ 10, Exs. 1, 4-6.)

In Appeal No. **COR-14-6057**, Plaintiff challenged a rules violation report for fighting claiming it should have been classified as an assault and battery and not mutual combat. The appeal was rejected at the third level on March 13, 2015, because it was determined that he was attempting to submit an appeal that had been previously cancelled which was considered misuse or abuse of the

---

[3] The Court takes judicial notice of Plaintiff's inmate appeals as identified in the April 25, 2019, Findings and Recommendations that were submitted with Defendants Campbell, Dicks, Sanchez, Matta, and Vanderpoel's motion for summary judgment, filed on February 7, 2019, and Plaintiff's opposition thereto. (ECF Nos. 59, 61, 65.); see Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (proper subjects of judicial notice include "court filings and other matters of public record.")

9

appeal process pursuant to California Code of Regulations section 3084.4. (ECF No. 59-5, Voong Decl., Ex. 4.)

In Appeal No. **COR-14-6564**, Plaintiff claimed that on September 3, 2014, the cell extraction took place without a sergeant present and that there was insufficient evidence to support the rules violation report for possession of a weapon. The appeal was initially rejected on March 13, 2015, because Plaintiff failed to attach supporting documentation. (ECF No. 61, Pl. Opp'n, Ex. 4.) The appeal was then subsequently rejected as untimely on July 1, 2015. It was specifically noted "[t]he Office of Appeals rejected and returned the appeal to the inmate on March 20, 2015. The envelope addressed to The Office of Appeals was signed by staff on May 15, 2015 and was postmarked on May 18, 2015. The envelope was received in our office on May 26, 2015. This exceeds time constraints to submit for third level review." Even if this appeal addressed the allegations against Lieutenant Dicks, it was properly rejected as untimely, and does not serve to exhaust the administrative remedies. In addition, there is no evidence that Plaintiff appealed the cancellation. (ECF No. 59-5, Voong Decl. ¶ 11, Ex. A.)

The Court need not address Appeal No. **COR-15-00953** because although it was initially rejected at the third level review, it was resubmitted and subsequently addressed on the merits on September 17, 2015. Furthermore, it is clear this appeal does not address the claim at issue against Defendant Oliveira.

3. <u>Appeals Accepted and Adjudicated at First and Second Levels of Review</u>

During the relevant period, Plaintiff submitted a total of seven non-health care appeals that were accepted and adjudicated at the first and/or second level of review by the Office of Appeal at CSP-Corcoran—COR-14-06057, COR-14-06564, COR-14-07167, COR-15-00953, COR-15-01547, COR-15-02715, and COR-15-03219. (ECF No. 59-4, Ceballos Decl. ¶ 8, Exs. 1-8.) As stated above, Appeal No. **COR-15-02715** was denied at the third level of review, and Appeal Nos. **COR-14-06057**, **COR-14-6564,** and **COR-15-00953**, were rejected at the third level of review and will not be addressed again.

In Appeal No. **COR-14-07167**, Plaintiff contended that he was not paid for the months of July or August 2014, while he was assigned to the Facility 3B yard crew. Plaintiff also contended that he

did not receive pay for the months of October and November 2013. (ECF No. 59-4, Ceballos Decl., Ex. 4.) Plaintiff therefore requested to receive payment and be credited restitution for those months. (Id.) The appeal was denied granted in part at the first level of review on December 9, 2014, and denied at the second level of review on January 12, 2015. (Id.) The appeal was subsequently cancelled as untimely at the third level of review on April 16, 2015, pursuant to Cal. Code Reg. tit. 15, §§ 3084.8(b)(1)-(2), 3084.6(a)(5). (Id.)

In Appeal No. **COR-15-01547**, Plaintiff contended that he received a $300.00 deposit on February 20, 2015, but on March 10, 2015, not all of the funds were present before his canteen purchase as they should have been. The appeal was granted at the first level of review on April 9, 2015. (ECF No. 59-4, Ceballos Decl., Ex. 6.)

In Appeal No. **COR-15-03219**, Plaintiff raised the due process challenges alleged in the instant complaint. (ECF No. 59-4, Ceballo Decl., Ex. 8.) The appeal was initially screened at the first level of review on June 10, 2015, and returned to Plaintiff noting that the appeal was received with two dates June 4, 2015 and May 26, 2015. (Id.) Plaintiff was instructed to correct the date to reflect the original submission. (Id.) Plaintiff resubmitted the appeal with the notation that the original submission date was May 26, 2015. (Id.) The appeal was then denied at the first level of review on July 6, 2015, finding there was no merit to Plaintiff's contentions. (Id.)

As illustrated above, of these seven appeals, Appeal No. **COR-15-03219**, is the only appeal that included Plaintiff's allegations that he was denied due process and/or improperly housed and/or classified at CSP-Corcoran. (ECF No. 59-4, Ceballos Decl. ¶ 9, Ex. 8.) This appeal was denied at the first institutional level of review at CSP-Corcoran on July 16, 2015. (ECF No. 59-4, Ceballos Decl. ¶ 9, Ex. 8.) The appeal was screened out a second time on July 23, 2015, and Plaintiff was specifically instructed to "clearly state why you are dissatisfied with your First Level review and resubmit your appeal within 30 days."[4] (ECF No. 61, Pl. Opp'n, Ex. 12.) Plaintiff did not seek further timely review

---

[4] Indeed, Section D of the inmate appeals form specifically states, in relevant part, "[i]f you are dissatisfied with the First Level response, explain the reason below[.]" (ECF No. 61, Pl. Opp'n, Ex. 12.) California Code of Regulations, Title 15 section 3084.6 provides that an appeal may be rejected if it "makes a general allegation, but fails to state facts or specify an act or decision consistent with the allegations." Cal. Code Regs. tit. 15, § 3084.6(6).

of Appeal No. COR-15-03219, and therefore this appeal does not serve to exhaust the administrative remedies. (ECF No. 59-4, Ceballos Decl. ¶ 9, Ex. 8.)

4. Appeals Screened Out at the First Level of Review

According to the Inmate Appeals Tracking System, Plaintiff filed the following nine appeals during the relevant time frame which were screened out at the first level of review: (1) CSPC-3-14-00960 (issue classified as legal); (2) CSPC-5-15-00067 (issue classified as living conditions); (3) CSPC-5-15-00192 (issue classified as living conditions); (4) CSPC-5-15-00602 (issue classified as case info/records; (5) CSPC-5-15-01420 (issue classified as funds); (6) CSPC-5-15-01987 (issue classified as custody/classification); (7) CSPC-5-15-02083 (issue classified as legal); (8) CSPC-5-15-02437 (issue classified as living conditions); (9) CSPC-5-15-02939 (issue classified as custody/classification). (ECF No. 59-4, Ceballos Decl., Ex. 1.)

Appeal No. **CSPC-3-14-00960**, was rejected at the first level of review on February 11, 2014, with instructions for Plaintiff to submit a form 22 to his assigned counselor requesting a copy of his Appeal Log No. 13-6883 which was returned to him on February 5, 2014. (ECF No. 59-4, Ceballos Decl., Ex. 9.)

Appeal No. **CSPC-5-15-00067**, was rejected at the first level of review on January 6, 2015, with instructions for Plaintiff "to submit a Form 22 to his assigned CCI and ensure it is completed through section D prior to resubmission of this appeal. Upon completion, you may resubmit this appeal within 30 days of the last signature on the Form 22." (ECF No. 59-4, Ceballos Decl., Ex. 10.)

Appeal No. **CSPC-5-15-00192**, was rejected at the first level of review on January 12, 2015, because Plaintiff had exceeded the allowable number of appeals filed in a 14-calendar day period pursuant to CCR 3084.1(f). Plaintiff was instructed that he could resubmit the appeal within the appropriate time constraints. (ECF No. 59-4, Ceballos Decl., Ex. 11.)

Appeal No. **CSPC-5-15-00602**, was rejected at the first level of review on February 2, 2015, pursuant to Cal. Code Regs., tit. 15, § 3084.6(b)(9), because it was obscured by pointless verbiage or voluminous unrelated documentation such that the reviewer could not reasonably be expected to identify the issue under appeal. Plaintiff was specifically instructed to "remove the one page lined legal filing page you are using to address your issue as you are only allowed one 602 and 602A to

12

address the issue. Likewise, you are instructed to submit a Form 22 to your assigned CCI requesting a copy of the appeal 13-06883 along with a signed Trust Withdrawal. You may resubmit this appeal within 30 days of the last signature on the Form 22. Prior to resubmission, you are instructed to attach a copy of your certified Trust Statement." (ECF No. 59-4, Ceballos Decl., Ex. 12.)

Appeal No. **CSPC-5-15-01420**, was rejected at the first level of review on March 13, 2015, pursuant to Cal. Code Regs. tit. 15, § 3084.6(b)(8), because it involved multiple issues that did not derive from a single event, or were not directly related and cannot be reasonably addressed in a single response due to this fact. Plaintiff was advised that he could resubmit the unrelated issues separately using separate appeals. Plaintiff was further advised that he was still subject to the submission of one non-emergency appeal every 14 calendar days. (ECF No. 59-4, Ceballos Decl., Ex. 13.) The rejection notice also specifically stated that Plaintiff's "issue regarding [his] restitution being incorrect is an unrelated issue to [his] legal mail charges. You must line through your issue regarding your legal mail and submit it on a new CDCR 602 at the lowest level possible for review. You have 30 days to correct and resubmit." (Id.)

Appeal No. **CSPC-5-15-01987**, was cancelled at the first level of review on April 13, 2015, pursuant to Cal. Code Regs. tit. 15, § 3084.6(c)(4), because it exceeded the time limits even though Plaintiff had the opportunity to submit it within the prescribed time constraints. (ECF No. 59-4, Ceballos Decl., Ex. 14.)

Appeal No. **CSPC-5-15-02083**, was initially rejected at the first level of review on April 17, 2015, pursuant to Cal. Code Regs. tit. 15, § 3084.6(b)(8), because it involved multiple issues that do no derive from a single event, or are not directly related and could not be reasonably addressed in a single response due to that fact. Plaintiff was advised that he could "resubmit the unrelated issues separately using separate appeals[,]" and he was "still submit to the submission of one non-emergency appeal every 14 calendar days." Plaintiff was also specifically advised to "choose which issue to appeal and provide specifics relative [to] who, what and when." (ECF No. 59-4, Ceballos Decl., Ex. 15.)

The appeal was subsequently cancelled at the first level of review on April 27, 2015, pursuant to Cal. Code Regs. tit. 15, § 3084.6(c)(3), stating "[y]ou continue to submit a rejected appeal while

13

disregarding appeal staff's previous instructions to correct the appeal." It was further stated that the appeal was "cancelled for failure to follow instructions as provided in 695 04/17/2015. You have returned the appeal without clarification or choosing which issue to appeal. It is noted the 695 is black and the appeal was not clarified." (ECF No. 59-4, Ceballos Decl., Ex. 15.)

Appeal No. **CSPC-5-15-02437**, was rejected at the first level of review on May 5, 2015, pursuant to Cal. Code Regs. tit. 15, § 3084.6(b)(2), because he failed to demonstrate a material adverse effect upon his welfare. Material adverse effect was defined as "harm or injury that is measurable or demonstrable, or the reasonable likelihood of such harm or injury. In either case, the harm or injury must be due to any policy, decision, action, condition, or omission by the department or its staff." (ECF No. 59-4, Ceballos Decl., Ex. 16.)

Appeal No. **CSPC-5-15-02939**, was rejected at the first level of review on June 1, 2015, pursuant to Cal. Code Regs. tit. 15, § 3084.6(b)(11), because the appeal documentation was defaced or contaminated with physical/organic objects or samples as described in Cal. Code Regs. tit. 15, § 3084.2(b)(4). Plaintiff was advised that he was "subject to disciplinary action and/or criminal charges when you submit an appeal with hazardous or toxic material that present a threat to the safety and security of staff, inmates, or the institution. Pursuant to CCR 3084.4 you are advised that this appeal is considered misuse or abuse of the appeals process. Repeated violations may lead to your being placed on appeal restriction as described in CCR 3084.4(g)." Plaintiff was further instructed "to rewrite your appeal and only attach this CDCR 695 to your new appeal. You have 30 days to correct and resubmit." (ECF No. 59-4, Ceballos Decl., Ex. 17.)

In each of the rejection/cancellation notices, Plaintiff was advised as follows:

> Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(c), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

(ECF No. 59-4, Ceballos Decl., Exs. 9-17.)

Based on the evidence set forth above, Defendant M. Oliveira has met his burden that Plaintiff failed to exhaust the administrative remedies, and the burden now shift to Plaintiff "to come forward

14

with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino, 747 F.3d at 1166.

Plaintiff initially argues that the appeal forms were not "always" readily available. (ECF No. 70, Pl. Opp'n at 3.) Although exhaustion of the administrative remedies may be excused if the inmate prisoner can demonstrate that he did not have access to the grievance forms to file a timely grievance, Plaintiff fails to demonstrate that he should be excused. Here, Plaintiff makes nothing more than a conclusory and bald contention that the appeal forms were not always available. However, Plaintiff fails to set forth any plausible argument that he lacked access to the appropriate forms or knowledge of the procedural requirements. Indeed, Plaintiff fails to set forth a single instance in which he did not have access to the grievance forms. See, e.g., Marella v. Terhune, 568 F.3d 1024, 1026-17 (9th Cir. 2009) (the prisoner spent more than fifteen working days in the hospital, in the infirmary, and then in administrative segregation after the incident grieved in the complaint. The Ninth Circuit remanded the case back to the district court to make factual findings "as to whether Marella had access to the necessary forms and whether he had the ability to file during his stay in the hospital and prison infirmary, or during the administrative lockdown."); Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004) (exhaustion excused because inmate submitted affidavit establishing his efforts to obtain appeal forms including identifying each prison employees from whom he requested forms, the specific forms he requested, and providing summaries of each of the responses thereto); Miller v. Norris, 247 F.3d 736, 738, 740 (8th Cir. 2001) (inmate established excuse when submitted evidence demonstrating his efforts to obtain the grievance forms including written request seeking an appeal form, that the prison did not respond, and that his mother attempted unsuccessfully to obtain the forms for him). Plaintiff has not met his burden in demonstrating that he should be excused because he lacked access to the appeal forms. In fact, Plaintiff's assertion that prison official did not always allow him access to the appeals form is belied by his own appeal record. During the relevant time period, Plaintiff submitted a total of 16 grievances for institutional review and a total of 5 appeals for third level review. (ECF No. 67-4, Goree Decl. ¶¶ 7-12, Ex. A; ECF No. 67-5, Voong Decl. ¶¶ 6-10, Ex. A.)

Plaintiff contends that the administrative remedies were rendered effectively unavailable because his appeals were improperly cancelled. See Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir.

15

2010) (screening out an inmate's appeals for improper reasons may render administrative remedies unavailable.) Plaintiff specifically argues that because he was denied copies of necessary documents and requests for interviews, his appeals were cancelled due to evidentiary deficiencies, and therefore he was prevented from exhausting his administrative remedies. (ECF No. 70, Pl. Opp'n at 7-10.)

Plaintiff claims that he submitted inmate appeals regarding the cancellation of Appeal No. **COR 15-03219**, and cites to Exhibits 4, 5, 6, and 7 attached to his opposition. (Id. at 6.) However, none of these appeals demonstrate that Plaintiff properly appealed the cancellation of Appeal No. **COR 15-03219**, such that he exhausted the administrative remedies. Rather, Appeal No. CSPC-5-16-4404, was rejected at the first level of review on September 2, 2016, because it was "obscured by pointless verbiage or voluminous unrelated documentation such that the reviewer cannot be reasonably expected to identify the issue under appeal." (ECF No. 70, Pl. Opp'n, Ex. 4.) It was rejected again at the first level of review on September 20, 2016, because the issue and requested could not be determined, and Plaintiff attached a multitude of inappropriate/irrelevant documents. (Id.) Plaintiff was instructed to "remove all irrelevant documentation to include previous appeals, and clarify/simplify your issue/requested action. You have thirty days to correct and resubmit." (Id.) Plaintiff's appeal was again rejected on September 28, 2016, because it contained to contain multiple issues that did not derive from a single event or were not related and could not be reasonably addressed in a single appeal. Plaintiff was advised to resubmit the unrelated issues using separate appeals. (Id.) There is no evidence that Plaintiff properly resubmitted or properly appealed the cancellation such that it can be deemed exhausted at the third level of review.

Appeal No. CSPC-5-16-00712, dated August 8, 2016, was rejected at the first level of review on February 9, 2016, with instructions for Plaintiff to remove a 2-page declaration used to supplement the appeal, and explain why the appeal is not a duplicate to 16-00302. (ECF No. 70, Pl. Opp'n Ex. 5.) It was also noted that Plaintiff appeared to be appealing issues within multiple 128Gs which are beyond time constraints to appeal. (Id.) The appeal was again cancelled at the first level of review on February 12, 2016, because it was a duplicate of a previous appeal upon which a decision had been rendered or was pending. (Id.) The appeal was cancelled again at the first level of review on February 18, 2016, noting that he was attempting to submit an appeal that had been previously cancelled. (Id.)

Appeal No. CSPC-7-16-00302, dated January 17, 2016, was rejected at the first level of review on January 19, 2016, because it involved multiple issues that did not derive from a single event or were not directly related and could not be addressed in a single response. It also claimed untimely issues. (ECF No. 70, Pl. Opp'n, Ex. 6.) Plaintiff was specifically instructed "line through all references which are outside of the 12/29/2015 action. This appeal also has duplicate issues previously mentioned in COR 15-03219 which must be removed." (Id.) Thus, this appeal was not a proper review of Appeal No. COR 15-3219, which was rejected on July 23, 2015, because it was not timely filed.

Appeal No. CSPC-5-15-04273, dated July 21, 2015, was rejected at the first level of review on July 23, 2015, because Plaintiff was appealing the cancellation of an appeal at third level of review. (ECF No. 70, Pl. Opp'n, Ex. 7.) Plaintiff was instructed to follow the instruction within Section F of the CDCR 602 and mail the appeal directly to Third Level at the address provided. (Id.)

Plaintiff also attaches Appeal No. CSPC-7-16-00035, which was rejected on January 4, 2016, because it involved multiple issues. (ECF No. 70, Pl. Opp'n, Ex. 13.) Further, this appeal pertained to the loss of privilege and is immaterial to appeal COR-15—03219 and Plaintiff's due process claims against Defendant Oliveira. In addition, this appeal is untimely as it is dated six months after the July 6, 2015 denial of appeal COR-15-03219 at the first level of review and more than 13 months after the November 20, 2014 hearing date, which serves as the basis for Plaintiff's due process claim.

While several of Plaintiff's inmate appeals were screened-out and/or cancelled during the relevant time period, the appeals did not include allegations against Defendant Oliveira, and even if any appeal was improperly cancelled it would not serve to exhaust the administrative remedies.[5] Thus, the screen-out letters for the inmate appeals attached to Plaintiff's opposition do not demonstrate exhaustion or excuse Plaintiff's failure to exhaust. In addition, the merits of Plaintiff's claims have no

---

[5] The cancellation itself does not render the administrative process unavailable when an inmate still has some remaining remedy. Cal. Code Regs. tit. 15, § 3084.6(a)(3), (c), (3). Because CDCR allows the inmate to appeal the rejection and/or cancellation decisions, in order to exhaust Plaintiff would have to establish that he appealed the cancellation. See, e.g., Wilson v. Zubiate, 718 Fed App'x 479, 482 (9th Cir. 2017) ("[Plaintiff] had the possibility of appealing the cancellation decision and therefore cannot show that he was 'thwarted by improper screening.'"). Plaintiff did not appeal any cancelled appeal during the relevant time frame. (ECF No. 67-5, Voong Decl. ¶¶ 6, 10, Ex. A.)

relevance on whether he exhausted the administrative remedies.[6] Plaintiff's conclusory allegations fail to excuse his failure to exhaust the available administrative remedies. Plaintiff had the opportunity to appeal the rejection and/or cancellation decisions but failed to properly do so. (ECF No. 67-5, Voong Decl. ¶ 10, Ex. A.); see, e.g., Cortinas v. Portillo, 754 Fed. Appx. 525, 528 (9th Cir. Oct. 31, 2018) (improper cancellation of an appeal does not necessarily render administrative remedies unavailable when an inmate can appeal an improper cancellation); see also Wilson v. Zubiate, 718 Fed. Appx. 479, 482 (9th Cir. 2017) (same). Furthermore, the fact that Plaintiff continued to disobey and not follow the instructions provided to him does not excuse his requirement to exhaust the administrative remedies.

There is no evidence and nothing in the record demonstrates that Plaintiff was prevented from or hindered in complying with the exhaustion requirement by any act or omission on the part of any prison officials. Rather, the record and evidence demonstrate that Plaintiff's failure to comply is attributable to his own actions and/or omissions. The totality of the documents submitted by both parties demonstrates that Plaintiff failed to exhaust the administrative remedies. Plaintiff's unsubstantiated and conclusory allegations that the administrative remedies were somehow "unavailable" to him is insufficient to excuse the mandated exhaustion requirement. Accordingly, Plaintiff has not met his burden of proof in demonstrating that he exhausted the available administrative remedies or that his failure to do so should be excused. Rather, the undisputed facts demonstrate that Plaintiff failed to exhaust the available administrative remedies, and Defendant's motion for summary judgment should be granted.

///
///
///
///
///

---

[6] The Auditor's Action, dated February 8, 2016, is irrelevant and does not excuse the mandated and timely requirement to exhaust the administrative remedies. (ECF No. 70, Pl. Opp'n at 8.)

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant Oliveira's motion for summary judgment be granted; and
2. The claims against him be dismissed, without prejudice, for failure to exhaust the administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 6, 2019**

UNITED STATES MAGISTRATE JUDGE